# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY R. HORN,<br><br>               Plaintiff,<br><br>vs.<br><br>ACCESS GROUP, INC., A DELAWARE CORPORATION; and DOES 1 through 10, inclusive,<br><br>               Defendants. | Case No. 3:17-cv-02016-JAH-RBB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DOC. NO. 5] AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS INITIAL COMPLAINT [DOC. NO. 2]** |

## INTRODUCTION

Pending before the Court is Plaintiff Tracy R. Horn's ("Horn" or "Plaintiff") motion to remand, pursuant to 28 U.S. Code § 1447 (Doc. No. 5) and Defendant AccessLex Institute's ("Access" or "Defendant") motion to dismiss the initial complaint pursuant to Rule 12(b)(6) (Doc. No. 2). The motion to remand and the motion to dismiss have been fully briefed. After a careful review of the pleadings and for the reasons set forth below, Plaintiff's motion to remand is **GRANTED** and Defendant's motion to dismiss is **DENIED AS MOOT**.

## BACKGROUND

On June 27, 2017, Plaintiff filed a limited civil case for unlawful debt collection practices in violation of the California Rosenthal Fair Debt Collection Practices Act

(RFDCPA), California Civil Code §§ 1788-1788.33 in the San Diego County Superior Court. Plaintiff's single cause of action describes seven (7) attempts by Defendant to communicate directly with plaintiff after notification of attorney representation and alleges this conduct constitutes the knowing and willful violation of eight (8) provisions of the Fair Debt Collection Practices Act (FDCPA), as incorporated by Cal. Civ. Code § 1788.17. Plaintiff prays for relief in the form of statutory damages, attorney's fees, litigation expenses, and actual damages for "harm resulting from Defendant's actions, including worry, emotional distress, anxiety, humiliation, [and] telephone charges."

On September 29, 2017, Defendant filed a notice of removal based solely on diversity of citizenship in accordance with 28 U.S.C. § 1446(b) [Doc No. 1] followed by a Motion to Dismiss Plaintiff's Complaint or in the alternative, to transfer venue [Doc. No. 2]. Plaintiff moved for remand pursuant to 28 U.S.C. § 1447(c) and L.R. 7-1 on the grounds that "this Court lacks subject matter jurisdiction to hear this case and Defendant improperly removed this action to federal court." [Doc. No. 5.] Although Plaintiff does not dispute complete diversity exists between the parties, she challenges Defendant's proffer that the amount in controversy exceeds $75,000. In addition, Plaintiff requests attorney's fees and costs pursuant to 28 U.S.C. 1447(c). Both motions, having been briefed and taken under submission, are now before the Court.

## DISCUSSION

### I. Legal Standard

The federal court is one of limited jurisdiction. Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 93-94 (1998). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be

- 2 -

3:17-CV-02016

rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

The removal statute, 28 U.S.C. §1441 allows defendants to remove an action when a case originally filed in state court is between citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1441(a) and (b); 28 U.S.C. §§ 1331, 1332(a). The amount in controversy is determined as of the date of removal. Conrad Associates v. Hartford Acc. & Indem. Co., 994 F. Supp. 1196 (N.D. Cal. 1998). "[T]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount]. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (quoting Sanchez v. Monumental Life Ins. Co. 102 F.3d 398, 404 (9th Cir. 1996)).

In circumstances where defendant's removal of the action is objectively unreasonable, the Court may award attorney's fees under § 1447(c). Martin v. Franklin Capital Corp., 546 U.S. 132, 140–41 (2005). As noted by the Supreme Court in Martin,

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Id. While the appropriateness of fee shifting is left to the discretion of the Court in this instance, it must be mindful of Congressional intent.

## II. Analysis

### A. Lack of Diversity Jurisdiction: Amount-In-Controversy

Plaintiff moves to remand this action to state court based on lack of diversity jurisdiction. Specifically, Plaintiff contends that removal is improper because the amount in controversy falls well below the $75,000 threshold. In looking first to the

- 3 -

3:17-CV-02016

complaint, the prayer for relief generally requests statutory damages and actual damages for mental anguish. The specific amount of damages are unclaimed. However, Plaintiff points to: (1) the civil case cover sheet, which accompanied the filing of Plaintiff's lawsuit and invokes limited jurisdiction – designating the amount demanded as $25,000 or less, (2) the statutory limit on damages of $1,000 per person, *per action* regardless of the number of violations (Marseglia v. JP Morgan Chase Bank, 750 F. Supp. 2d 1171, 1180 (S.D. Cal. 2010)) and (3) the lack pecuniary loss, in the form of medical bills or lost wages, alleged in the Complaint. Further, in support of her motion, Plaintiff's attorney filed a declaration indicating "the sum of Plaintiff's claim for actual damages, expenses and attorney's fees would at most be $15,500 prior to commencement of Defendant's removal action."

In response, and in light of Plaintiff's declaration, Defendant does not oppose the motion to remand, but objects to Plaintiff's request for an award of fees under § 1447(c).

### B. Award of fees under § 1447(c)

An award of fees under § 1447(c) is discretionary, although guided by the underlying objective to deter removals intended to "prolong[] litigation and impose[] costs on the opposing party." Martin, 546 U.S. 132, 140–41 (2005). Accordingly, "the standard for awarding fees … turn[s] on the reasonableness of the removal." Id.

Defendant contends removal was objectively reasonable on three grounds: (1) Plaintiff did not expressly limit the amount of her claims within the complaint, (2) Plaintiff's counsel did not implement reasonable methods of resolving the jurisdictional dispute after receiving the notice of removal and (3) removal was a procedural precaution to avoid waiver of the right to a federal forum in the instance Plaintiff's action was reclassified as an unlimited action after amendment to the initial pleading. The Court is unpersuaded.

It is uncontested that neither the body of Plaintiff's Complaint, nor the prayer for relief alleges a specific amount of damages. However, it is in these circumstances,

when "a plaintiff's state court complaint does not specify a particular amount of damages, [that] the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount.]" Sanchez, 102 F.3d 398 at 404 (9th Cir.1996). Plaintiff's failure to specify damages does not somehow alleviate Defendant's burden nor provide an objectively reasonable ground for removal. While the Court agrees that the jurisdictional dispute could have been easily resolved amongst the parties, it is the party who bears the burden of establishing the jurisdictional amount that would benefit most from an open discussion prior to embarking on a federal escapade.

While Defendant does not oppose the motion to remand, the Court considers the reasonableness of removal in light of Defendant's initial assertion that Plaintiff's claims included " 'statutory damages...in the amount of up to $1,000.00' for each allegedly willful violation." As clarified in Plaintiff's motion to remand, statutory damages under the RFDCPA are awarded per proceeding, not per violation. Marseglia, 750 F. Supp. 2d at 1180. Defendant's misinterpretation of the law, however, would account for no more than a $7000 discrepancy when calculating the amount-in-controversy, limited by the case designation elected (i.e. limited jurisdiction) at the time of filing.

Plaintiff's action was filed in state court as a limited jurisdiction civil case. In such cases, "the amount in controversy does not exceed twenty-five thousand dollars ($25,000)," exclusive of attorneys' fees, interest, and costs. CCP § 85a. Defendant, citing Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir.1998), contends that although attorney's fees are not considered when determining the amount in controversy in state court, they may be included for purposes of Section 1332(a)'s amount in controversy requirement.

In bringing the motion to remand, Plaintiff's counsel billed $3,100. The total, includes "$2,300 in attorney's fees, costs and expenses for researching, preparing and filing this Motion for Remand … [and] $800 in attorney fees to reply to Defendant's

opposition." [Doc. No. 5-1, pg 8]. Defendant does not contest the amount billed as unreasonable, but proposes that the fees billed in relation to the motion to remand are a "strong indication that the total amount of her claim, together with fees….will exceed $75,000." This assumption would require Plaintiff's counsel to expend over 124 billable hours throughout the pendency of the case and bill an amount more than double that which the plaintiff is able to recover in damages. Whereas here, Plaintiff's damages are capped at $25,000, it is inconceivable that Plaintiff's counsel would be entitled to $50,001 in "reasonable attorney's fees." *See* Cal. Civ. Code §1788.30(c) (entitling the prevailing party to *reasonable* attorney's fees based on time *necessarily* expended to enforce liability).

Lastly, Defendant asserts that removal was reasonable to safeguard its right to a federal forum if Plaintiff was to amend the Complaint increasing the recovery sought. Defendant's concern is misplaced in light of the statutory procedural protection outlined in §1446(b)(3). Section 1446(b)(3) allows a defendant to remove to federal court within thirty days of receiving information in an "amended pleading, motion, order or other paper" which allows the defendant to "ascertain ... that the case is one which is or has become removable ...." *See* Eyak Native Village v. Exxon Corporation, 25 F.3d 773, 779 (9th Cir. 1994), cert. denied, 513 U.S. 1102 (1995) (plaintiffs' reply brief, filed two years after commencement of the action in state court, set forth removable federal claim which triggered thirty-day removal period).

With no claim for pecuniary loss by Plaintiff, a thousand dollar limit on statutory damages, and a total maximum recovery amount of $25,000, excluding costs and fees, the Court is strained to find sufficient justification for the removal of this action. Finding removal was not objectively reasonable, the Court **GRANTS** Plaintiff's counsel an award of $3100.00 for just costs and actual expenses incurred as a result of the removal.

### C. Defendant's Motions to Dismiss

The Court declines to rule on Defendant's motion to dismiss. "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Given the notice of removal in this case was based solely on diversity jurisdiction and the complaint alleges state law causes of action, the state court is the appropriate forum to litigate the merits of the motion to dismiss. The Court lacks subject matter jurisdiction and therefore **DENIES AS MOOT** Defendant's motion to dismiss.

## CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED**

1. Plaintiff's Motion to Remand is **GRANTED.**
2. Plaintiff's request for an award of fees is **GRANTED** in the amount of $3100.00 for costs and actual expenses.
3. Defendant's motion to dismiss is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: January 26, 2018

HON. JOHN A. HOUSTON
United States District Judge